USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/07

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DOUGLAS W. HEIM**
*Assistant Corporation Counsel*
phone: (212) 788-1298
fax: (212) 788-9776
dheim@law.nyc.gov

June 21, 2007

**BY HAND**
Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

MEMORANDUM ENDORSED

Re:   Bill Soumahoro v. City of New York, et al., 07 Civ. 3589 (D)

Your Honor:

       I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York and New York City Police Department ("NYPD").[1] I am writing with respect to the above-referenced matter in which plaintiff alleges that defendants falsely arrested, maliciously prosecuted, and subjected him to excessive force. <u>Defendants City and NYPD respectfully request an extension of time to answer or otherwise respond to this complaint from June 21, 2007 until August 21, 2007.</u> I attempted to contact plaintiff regarding this request several times, and left a message with plaintiff's counsel requesting consent, but to date, have received no response. Therefore, this application is being made directly to the Court.

       There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure,

---

[1] Upon information and belief, the named individual defendant has not been served in this matter. Therefore, should the Court grant this enlargement, it should allow plaintiff time to serve the individual defendant. If timely served, it may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal law, and based upon a review of the facts of the case, whether we may represent him. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed arrest and criminal prosecution records so that defendants City and NYPD can access the information, properly assess the case, and respond to this complaint.

Additionally, because plaintiff has alleged physical injuries as a result of the events complained of, this office is also in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so the defendants can properly assess the case and respond to the complaint.

No previous request for an extension has been made by defendants City and NYPD in this action. Accordingly, we respectfully request that defendants City and NYPD's time to answer or otherwise respond to the complaint be extended to August 21, 2007.

Thank you for your consideration herein.

Respectfully submitted,

Douglas W. Heim (DH5238)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Thomas B. Donaldson, Esq. (By first class mail)
Donaldson, Chilliest & McDaniel, LLP
103 East 125th Street, Suite 1102
New York, NY 10035

*application granted.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
7/19/07

2