UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

BILL SOUMAHORO,

                              Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JUAN G.
RODRIGUEZ, AND POLICE OFFICERS JOHN DOE 1-
15, UNKNOWN AND INTENDED TO BE OTHER NEW
YORK CITY POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN,

                           Defendants.

------------------------------------------------------------------------ X

**ANSWER OF DEFENDANTS
CITY AND NYPD**

07 Civ. 3589 (WHP)

JURY TRIAL DEMANDED

        Defendants City of New York ("City") and New York City Police Department by

their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their

answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein, and deny knowledge or information

sufficient to form a belief as to the truth of the allegations concerning plaintiff's race, citizenship

and age.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to proceed and invoke the jurisdiction of the Court as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

---

[1] Upon information and belief, defendant Police Officer Juan Rodriguez has not been served
in this matter.  In addition, the New York City Police Department is not a suable entity.

4.      Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff was prosecuted under the name "Bill Sumaro."

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that Juan Rodriguez is employed by the City of New York as a police officer.

8.      Paragraph "8" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

9.      Paragraph "9" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

10.     Paragraph "10" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

12.     Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and that it maintains a police department and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department ("NYPD").

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint.

16.     Deny the allegations set forth in paragraph "16" of the complaint.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was charged with Assault in the Second Degree, Assault in the Third Degree, Resisting Arrest, Harassment in the Second Degree, and Disorderly Conduct.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.     Deny the allegations set forth in paragraph "21" of the complaint.

22.     Deny the allegations set forth in paragraph "22" of the complaint.

23.     Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff pled guilty to Harassment in the Second Degree.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     In response to the allegations set forth in paragraph "28" of the complaint, defendants City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     In response to the allegations set forth in paragraph "35" of the complaint, defendant City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Paragraph "37" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

38.     Deny the allegations set forth in paragraph "38" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

39.     Deny the allegations set forth in paragraph "39"of the complaint.

40.     In response to the allegations set forth in paragraph "40" of the complaint, defendants City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Paragraph "42" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

43.     Deny the allegations set forth in paragraph "43" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     In response to the allegations set forth in paragraph "45" of the complaint, defendants City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

46.     Deny the allegations set forth in paragraph "46" of the complaint.

47.     Deny the allegations set forth in paragraph "47" of the complaint.

48.     Paragraph "48" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

49.     Deny the allegations set forth in paragraph "49" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

50.     Deny the allegations set forth in paragraph "50" of the complaint.

51.     In response to the allegations set forth in paragraph "51" of the complaint, defendant City repeats and realleges its responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

52.     Deny the allegations set forth in paragraph "52" of the complaint.

53.     Deny the allegations set forth in paragraph "53" of the complaint.

54.     Paragraph "54" of the complaint sets forth legal conclusions, rather than averments of fact, to which no response is required.

55.     Deny the allegations set forth in paragraph "55" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     In response to the allegations set forth in paragraph "57" of the complaint, defendants City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny the allegations set forth in paragraph "59" of the complaint.

60.     In response to the allegations set forth in paragraph "60" of the complaint, defendants City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny the allegations set forth in paragraph "64" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

65.     Deny the allegations set forth in paragraph "65" of the complaint.

66.     In response to the allegations set forth in paragraph "66" of the complaint, defendants City and NYPD repeat and reallege their responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     The allegations set forth in paragraph "69" of the complaint does not constitute averments of fact, and as such, no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

70.     The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

71.     Defendants City and NYPD have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

72.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening culpable or negligent conduct of other for the City is not responsible and was not the proximate result of any act of the defendants City and NYPD.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

73.     Punitive damages cannot be assessed against defendants City and NYPD.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

74.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.   Therefore, defendants City and NYPD have governmental immunity from liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

75.     Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

76.     There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

77.     This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

78.    This action may be barred, in whole or in part, by the doctrines of *res judicata* and or collateral estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

79.    This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

**WHEREFORE,** defendants City and NYPD request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              November 15, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants City and NYPD
                        100 Church Street, Room 3-153
                        New York, New York 10007
                        (212) 788-1298

                        By:    _____/S/_____
                               Douglas W. Heim (DH 5238)
                               Assistant Corporation Counsel

## DECLARATION OF SERVICE BY MAIL

   I, Douglas W. Heim, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on November 15, 2007, I served the annexed Answer to Plaintiff's Complaint upon the following plaintiff's counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said plaintiff at the address set forth below, being the address designated by said plaintiff for that purpose:

   Thomas B. Donaldson, Esq.
   Donaldson, Chilliest & McDaniel, LLP
   103 East 125th Street, Suite 1102
   New York, New York 10035

Dated:   New York, New York
     November 15, 2007


               /S/
            Douglas W. Heim
            Assistant Corporation Counsel